RECEIVED
NOV 1 5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DADRIEN UPDITE, ET AL. | CIVIL ACTION NO. 06-0593 |
| versus | JUDGE HICKS |
| DELTA BEVERAGE GROUP, INC. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

### Introduction

Six former or current employees ("Plaintiffs") filed this action against Delta Beverage Group, Inc. ("Defendant") pursuant to the Fair Labor Standards Act ("FLSA"). Before the court is the Plaintiffs' Motion to Certify a Collective Action (Doc. 27). Defendant agrees that conditional authorization or certification is appropriate, but the parties disagree over the scope of the plaintiff group and some aspects of the notice that would be sent to potential plaintiffs. It is recommended, for the reasons that follow, that the motion be granted and that a notice, substantially in the form of the exhibit to this Report and Recommendation, be issued to similarly situated employees who were employed at Defendant's Shreveport facility.

### FLSA and Similarly Situated Employees

Section 216(b) provides that a person may maintain an FLSA action on "behalf of himself ... and other employees similarly situated." The statute gives district courts discretion to certify a collective action of similarly situated employees and direct that notice of the

litigation be sent to the employees. The similarly situated employees, unlike members of a class action, are not automatically included in action. "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.

A common method of addressing whether to certify a collective action on behalf of allegedly "similarly situated" parties is known as the Lusardi approach, as first described in Lusardi v. Xerox Corp., 122 F.3d 463 (D. N.J. 1988). A district court in this circuit applied that approach and was affirmed in Mooney v. Aramco Services Co., 54 F.3d 1207 (5th Cir. 1995), although the Fifth Circuit made clear that it was not endorsing the methodology employed by the district court and did not sanction any particular methodology. 54 F.3d at 1216.

A survey of the jurisprudence since Mooney indicates that the Lusardi approach is gaining favor. See, e.g., Hipp v. Liberty National Life Ins. Co., 252 F.3d 1208 (11th Cir. 2001) ("We suggest that district courts in this circuit adopt [the two-tiered Lusardi approach] in future cases"); Thiessen v. General Electric Capital Corp., 267 F.3d 1095, (10th Cir. 2001) (2002)(affirming trial court's decision to employ Lusardi approach but reversing decision to decertify). Most district courts within the Fifth Circuit have adopted the Lusardi approach. See, e.g., Kenyatta-Bean v. Housing Authority of New Orleans, 2005 WL 3543793 (E.D. La. 2005) (collecting cases); Hayes v. Laroy Thomas, Inc., 2006 WL 1004991 (E.D. Tex. 2006).

This court has followed <u>Lusardi</u> in cases such as <u>Autry v. City of Shreveport</u>, 02 CV 2428, and it should do so again in this case.

The first step under <u>Lusardi</u> is the notice or "conditional certification" stage. The district court makes a decision, usually based only on the pleadings and any affidavits that have been submitted, whether notice of the action should be given to potential plaintiffs. The determination is made using a fairly lenient standard. Courts usually require nothing more than substantial allegations that the original and putative plaintiffs were together the victims of a single decision, policy or plan. <u>Mooney</u>, 54 F.3d at 1213-14.

The second step, if it occurs, is typically precipitated by a motion for "decertification" by the defendant, usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the collective action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the action, and the opt-in plaintiffs are dismissed without prejudice. The original plaintiffs proceed to trial on their individual claims. <u>Mooney</u>, 54 F.3d at 14.

**Scope of Collective Action**

### A. Geographic Scope

The parties agree that conditional certification and notice are appropriate, but they do not agree on the description of the group of persons who have been shown to be similarly situated to the named plaintiffs. Plaintiffs propose that the collective action include:

> All current and former employees of Delta Beverage Group, Inc. who worked as merchandisers (during the relevant time) and who worked, at any time therein, more than 40 hours during a work week; who were not paid for all hours worked; and/or who were not paid for meal periods that were not taken.

Defendants object to the geographic scope of the proposed "class" and suggest that it should be limited to persons who were employed at the Defendant's Shreveport facility.

Plaintiffs bear the burden of presenting substantial allegations that the putative plaintiffs are similarly situated to the named plaintiffs and to support those allegations with competent evidence. Courts who have faced the question of whether FLSA movants have established substantial allegations have considered factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory policy was submitted. Plaintiffs need only demonstrate a reasonable basis for the allegation that there is a class of similarly situated persons, but there must be some evidence beyond unsupported factual assertions that there are similarly situated employees who are also subject to the policy or rules challenged in the complaint. Hayes, supra., Badgett v. Texas Taco Cabana, L.P., 2006 WL 2934265 (S.D. Tx. 2006).

Plaintiffs' Second Amended Complaint (Doc. 16) identifies six named plaintiffs, all of whom live in Caddo, Bossier or Webster Parish. The pleading alleges that the named plaintiffs and other current and former employees of Defendant who perform the job of merchandiser were subjected to common payroll practices. There is no suggestion in the pleading that any of the named plaintiffs are employed at a place other than the Shreveport facility. Plaintiffs' motion to certify is supported by affidavits from named plaintiffs and other Delta Beverage employees, but none of the affidavits includes testimony that the affiant is employed outside of the Shreveport facility or suggests that the practices at the Shreveport facility are also in place at any of Defendant's other places of business. The court asked counsel at a scheduling conference if they could estimate the number of other facilities operated by Defendant or the number of merchandisers who are employed at those facilities. Neither Plaintiffs' counsel nor Defendant's counsel had any idea of how many such facilities or employees there might be. If Plaintiffs do not know how many, if any, other facilities Defendant operates, Plaintiffs almost necessarily lack knowledge of the payroll practices and policies at those other (if any) facilities.

The burden on Plaintiffs at this stage of the proceedings is lenient, but it is nonetheless a burden that must be met. Plaintiffs have not made any specific allegations with respect to facilities outside of Shreveport, nor have they presented affidavits from employees at such facilities or other evidence to suggest that there are employees at such facilities who are similarly situated to the named plaintiffs. Accordingly, the collective action in this case

should be limited to present and former employees of Defendant's Shreveport facility. To extend the scope of this case absent some support for the suggestion that there are similarly situated employees at other facilities risks stirring up unwarranted litigation, confusing notified employees who are not subject the same practices alleged in this case, and wasting the time and resources of the litigants and the court addressing and administering claims filed by persons who have not been shown to be similarly situated to the plaintiffs who commenced this action.

### B. Temporal Scope

Defendant also challenge the temporal scope of the proposed collective action. Defendant state, and Plaintiffs agree, that the statute of limitations has continued running, despite this suit, with respect to any additional plaintiffs who later opt into the case. Thus, the earliest date of employment with respect to which a new plaintiff could recover damages is three years prior to the filing or his or her consent form. See 29 U.S.C. § 256(b). The notice should be limited to employees who could possibly file a timely claim, so the notice should be sent to only those Shreveport merchandisers who were employed within the three years prior to the court's certification order.

### C. Scope of Pleadings

Defendant next objects to the inclusion within the collective action of those merchandisers who "worked more hours than what was shown on pay stubs" and the merchandisers who "did not take meal periods that were deducted from pay." Defendant

argues that Plaintiffs do not make allegations of such violations in their Second Amended Complaint, making the proposed collective action beyond the scope of the case. Defendant contends the action and notice should be limited to include only those employees who claimed they worked more than 40 hours per week.

The Second Amended Complaint does, however, include an allegation in paragraph 19 that Plaintiffs "worked hours for which they were not compensated." That allegation is sufficient to put Defendant on notice of the kind of claims described in the notice, and the attempt in the notice to identify the nature of the claims in language that would alert a lay person to a potential claim is beneficial. Plaintiffs may cure Defendant's objection regarding the scope of their complaint by including specific allegations of such violations in an amended complaint. The time for filing such amendments was established at the recent conference.

**Form of Notice**

Plaintiffs have submitted a proposed form of notice to be sent to prospective plaintiffs and a proposed form that the plaintiffs may use to indicate their consent to join the collective action. Defendant requests some revisions to the notice form. Those requests are addressed below, and a proposed form of notice and a consent form are attached to this Report and Recommendation.

Defendant objected to a sentence that states that other employees have expressed an interest in joining this lawsuit. Plaintiffs agreed to removal of the paragraph, and it is not included in the proposed notice.

Defendant requests language be included in the notice that counsel for Plaintiffs and Defendant are prohibited from contacting or soliciting prospective plaintiffs unless the prospective plaintiff has communicated with them first and consented to such communication. Plaintiffs agree that a non-solicitation clause should appear in the notice but ask that the language make clear that representatives of Defendant may not communicate with a prospective plaintiff about the lawsuit unless the employee has communicated with them first *regarding the lawsuit* (as opposed to other matters). Such a provision has been included in the attached proposed notice.

Section 6 of the notice includes a deadline for filing a consent form. Plaintiffs proposed that language be included to warn prospective plaintiffs that delay may result in part or all of a claim being barred by the statute of limitations. Defendant objects that the language wrongfully encourages participation in this suit. It suggests that the form merely state that the consent form must be filed by the deadline. It is worthwhile to mention to prospective plaintiffs that the limitations period is running, lest the court imply that a claim will be timely so long as it is filed by the filing deadline. Accordingly, the proposed notice should include the following provision:

> All or part of your claim may be barred if the statute of limitations has run before you file written notice of your consent to become a party to this case. If you wish to participate in this lawsuit, it is important that you sign, date and mail the attached consent form as soon as possible but not later than _____ \_\_\_\_, 2007.

The proposed notice includes a statement that federal law prohibits Defendant "from discharging you or in any other manner retaliating against you because you have exercised

your rights under the Fair Labor Standards Act." Defendant argues that Plaintiffs have not demonstrated retaliation and that including this language in the notice may ignite unjustified fears. In the alternative to deleting the language, Defendant argues that it should not be in all-capital letters. Plaintiffs take no issue with striking the all-caps used in their proposed form, but they urge that the anti-retaliation information be included.

Plaintiffs have submitted affidavits from named plaintiffs and other employees who testify that they have experienced or witnessed retaliation, including termination, after questions were raised about overtime pay. The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter ... ." 29 U.S.C. § 215(a)(3). Current employees of Defendant might naturally be concerned whether they would be able to keep their jobs if they join in this action, so the information about the prohibition of retaliation is likely useful and welcome information for prospective plaintiffs. A much more extensive retaliation provision is found in the form published at 3 West's Federal Forms, District Courts-Civil, § 3096, so Plaintiffs are not making a unique request. It is recommended that the anti-retaliation language be maintained, but without emphasis by capital letters.

**Conclusion**

Once the court approves conditional certification of the collective action and the form of notice, it will be important that the notice be issued to prospective plaintiffs as quickly as possible to avoid the unnecessary loss of claims by virtue of the statute of limitations.

Accordingly, Defendant has been directed by separate order to assemble and supply to Plaintiffs' counsel the names and mailing addresses of those persons who could potentially have timely claims in the collective action that has been recommended for conditional certification. Counsel for Plaintiffs must, however, await the district judge's ruling on their motion for certification before any notices are issued. There should be little delay between the district court's action on the motion to certify and the mailing of notice.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Certify a Collective Action (Doc. 27)** be **granted** by conditionally certifying a collective action consisting of all current and former employees of Defendant who worked as merchandisers at Defendant's Shreveport facility within three years prior to the date of the court's order of certification and who (1) worked, at any time therein, more than 40 hours per week; and/or (2) worked more hours than what was shown on pay stubs; and/or (3) did not take meal periods that were deducted from pay.

**IT IS FURTHER RECOMMENDED** that the form of notice attached hereto be adopted by the court.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 15th day of November, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE

cc: Judge Hicks

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DADRIEN UPDITE, ET AL.          CIVIL ACTION NO. 06-0593

versus                          JUDGE HICKS

DELTA BEVERAGE GROUP, INC.      MAGISTRATE JUDGE HORNSBY

**NOTICE TO:**

**All current and former employees of Delta Beverage Group, Inc., a division of Pepsi Americas, Inc., who worked as merchandisers at Delta-Pepsi's Shreveport facility at any time between _____ \_\_\_, 200\_\_ and present and who (1) worked, at any time therein, more than 40 hours per week; and/or (2) worked more hours than what was shown on pay stubs; and/or (3) did not take meal periods that were deducted from pay.**

**RE: Fair Labor Standards Act Lawsuit against Delta Beverage Group, Inc.**

1.  **INTRODUCTION**

    The purpose of this Notice is to inform you of the existence of a lawsuit in which you are potentially "similarly situated" to the named plaintiffs, to advise you of how your rights may be affected by this lawsuit, and to instruct you on the procedure for participating in this lawsuit, should you decide that it is appropriate and should you chose to do so.

2.  **DESCRIPTION OF THE LAWSUIT**

    On March 14, 2006, Dadrien Updite, Michael Russell, Jeff Sheppard, and David Pugh ("plaintiffs"), current and former employees of Delta Beverage Group, Inc., a division of Pepsi Americas, Inc., (hereinafter "Delta-Pepsi" or "defendant"), brought this lawsuit against Delta Beverage Group, Inc., on behalf of themselves and all other past and present Delta-Pepsi employees, who worked as merchandisers in excess of forty (40) hours per week at Delta-Pepsi's Shreveport facility at any time between _____ \_\_\_, 200\_\_, and the present and who were not paid time and a half for the hours worked over 40 per week; and/or were not paid for all hours worked; and/or did not take meal periods that were deducted from pay.

The suit is pending in the United States District Court for the Western District of Louisiana in Shreveport. The plaintiffs claim that they and others similarly situated employees are owed unpaid wages and overtime pay under the Fair Labor Standards Act.

The plaintiffs also allege that Delta-Pepsi willfully failed to properly compensate them and other similarly situated employees. Finally, the plaintiffs seek an additional equal amount of overtime as liquidated damages, as well as prejudgment interest, attorney's fees and costs. The lawsuit is currently in the early pretrial stage.

Delta-Pepsi has denied the plaintiffs' allegations and maintains that its employees were properly compensated and that it complied with the Fair Labor standards Act. Delta-Pepsi also maintains that it exercised good faith in the application of the Fair Labor standards Act to its employees.

### 3. WHO MAY JOIN THE SUIT

The named plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Specifically, the named plaintiffs seek to sue on behalf of any and all current or former employees of Delta-Pepsi who work(ed) as merchandisers at Delta-Pepsi's Shreveport facility in excess of forty (40) hours per week at any time between _____ ___, 200__ and the present; and/or worked more hours than what was shown on their pay stubs; and/or did not take meal periods that were deducted from their pay.

### 4. YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT; DEADLINE

If you fit the description above, you may join this suit (that is, you may "opt in") by signing and filing with the Clerk of Court the attached "Consent to Join Suit" form by no later than _____, _____, 200__. The completed form must be actually **received** by the Clerk of Court by the deadline or it will not be timely.

If you file a "Consent to Join Suit" form, your right to participate in this suit may depend upon a later decision by the District Court that you and the plaintiffs are actually "similarly situated" in accordance with federal law.

### 5. EFFECT OF JOINING THIS SUIT

If you choose to join in the suit, you will be bound by the judgment (the court's decision), whether it is favorable or unfavorable. While this suit is proceeding, you may be required to respond to written questions, sit for depositions and/or testify in court.

The attorneys for the plaintiffs will be paid on a contingency fee basis, which means that if there is no recovery, there will be no attorneys' fee. If there is a recovery, the attorneys for the plaintiffs will receive a part of any settlement obtained or money judgment entered in favor of all plaintiffs. By joining this lawsuit, you designate the named plaintiffs as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the named plaintiffs will be binding on you if you join this lawsuit.

### 6. NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this suit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the plaintiffs. If you choose not to join in this lawsuit, you are free to file your own lawsuit.

### 7. NO RETALIATION PERMITTED

Federal law makes it unlawful for Delta-Pepsi to discharge you or in any other manner retaliate against you because you have exercised your rights under the Fair Labor Standards Act.

### 8. YOUR LEGAL REPRESENTATION IF YOU JOIN

If you choose to join this lawsuit, your interests will be represented by the named Plaintiffs through their attorney:

> Jennifer W. Hilburn
> HILBURN & HILBURN, A.P.L.C.
> 220 Carroll Street, Bldg. A, Suite 200
> Shreveport, Louisiana 71105
>
> (318) 868-8810 (Telephone)
> (318 868-8081 (Facsimile)

### 9. FURTHER INFORMATION

Further information may be obtained by writing or telephoning attorney Jennifer W. Hilburn at the number and address provided above. **Do not call the Judge, Magistrate Judge or Clerk of Court.**

## 10. COURT TAKES NO POSITION

This notice and its contents have been authorized by the court, but the court has taken no position regarding the merits of the plaintiffs' claims or of Delta-Pepsi's defenses. Once again, do not call the Judge, Magistrate Judge or Clerk of Court for information about the lawsuit. All questions should be directed to attorney Jennifer W. Hilburn.

Signed:

_____
Jennifer W. Hilburn

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DADRIEN UPDITE, ET AL.          CIVIL ACTION NO. 06-0593

versus                          JUDGE HICKS

DELTA BEVERAGE GROUP, INC.      MAGISTRATE JUDGE HORNSBY

**CONSENT TO JOIN SUIT**

IF YOU WISH TO JOIN THIS LAWSUIT, YOU MUST COMPLETE THIS FORM, SIGN IT, AND FILE IT WITH THE CLERK OF COURT BY _____, 200__.

*Please type or neatly print in ink the following information:*

| Name: | | |
|---|---|---|
| Street and Apartment Number, if any: | | |
| City: | State: | Zip Code: |
| Home Telephone: | Work Telephone: | |
| E-Mail, if any: | | |
| Name and Phone Number of Alternative Contact Person: | | |

1. I understand that this lawsuit includes a claim under the federal Fair Labor Standards Act. I have read and I understand the Notice that accompanied my copy of this Consent. I hereby consent to become a member of this collective action and consent to be bound by any decision by the Court regarding the Fair Labor Standards Act in this lawsuit.

2. By filing this Consent, I hereby authorize the attorneys named in the Notice to represent me in this lawsuit according to the terms explained in the Notice. I acknowledge that I have been advised that I may, instead of filing the Consent, hire an attorney of my choice and file a separate suit.

3. I will immediately notify my attorneys of any change in my address or telephone numbers. I acknowledge that failure to do so could result in dismissal of my claims.

4. My signature below indicates that I want to become a plaintiff in this suit:

**TO TIMELY JOIN THIS SUIT, YOU MUST, BY _____, 200__, COMPLETE, SIGN AND FILE THIS FORM WITH:**

>ROBERT H. SHEMWELL
>U. S. CLERK OF COURT
>300 Fannin Street, Suite 1126
>Shreveport, Louisiana 71101

The completed form must be actually received by the clerk of court by the deadline or it will not be timely.

**Your Signature:** _____    **Date:** _____