**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DADRIEN UPDITE, ET AL. | CIVIL ACTION NO. 06-0593 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DELTA BEVERAGE GROUP, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is the Report and Recommendation of the Magistrate Judge (Record Document 38) regarding the Plaintiffs' Motion to Certify a Collective Action under the Fair Labor Standards Act (Record Document 27). The Magistrate Judge recommended that the Motion to Certify a Collective Action be granted by conditionally certifying a collective action consisting of all current and former employees of Defendant who worked as merchandisers at Defendant's Shreveport facility within three years prior to the date of this order and who (1) worked, at any time therein, more than 40 hours per week; and/or (2) worked more hours than what was shown on pay stubs; and/or (3) did not take meal periods that were deducted from pay. See Record Document 38 at 10. The Magistrate Judge limited the geographic scope of collective action to present and former employees of Defendants' Shreveport facility because there was simply no support for the suggestion that there were similarly situated employees at other facilities. See id. at 6. The Magistrate Judge also recommended that the parties adopt the form of notice attached to the Report and Recommendation. See id. at 7 & 10.

On November 28, 2006, Plaintiffs filed an objection to the Magistrate Judge's Report and Recommendation, namely objecting to the geographic limitation to Plaintiffs' collective

action set forth in the Magistrate Judge's Report and Recommendation. See Record Document 40. Plaintiffs requested that the Court expand the geographic scope of the collective action to include merchandisers at Defendant's Monroe, Louisiana facility. See id. In support of their request, Plaintiffs have submitted the affidavit of Cheryl Collins ("Collins"), who appears to be a similarly situated merchandiser from the Monroe facility. See id., Exhibit B. Collins stated in her affidavit that she was routinely expected, required, and actually did work more than 40 hours in a seven-day work week and that she had not been paid for all hours she worked. See id. She also stated that Defendant has deducted 30 minutes from her pay each days for a lunch period that she was not allowed to take because of work requirements and that she had not been paid at a rate of one and one-half times her regular hourly rate of pay for hours worked in excess of 40 hours per seven-day work week. See id. Collins estimated that there are 10-15 current and former merchandisers who have worked out of the Monroe facility over the last three years that are also subject to the aforementioned employment practices, policies, and procedures. See id. Plaintiffs also included Collins' consent to be named as a party plaintiff with their objection. See id., Exhibit A.

Defendant objects to expanding the geographic scope of the collective action. See Record Document 41. Defendant's principal objection to such expansion is that Plaintiffs should not permitted to present a new argument and/or produce new evidence regarding the Monroe merchandisers in light of their failure to raise such issues before the Magistrate Judge. See id. Further, Defendant maintains that one affidavit is not sufficient to demonstrate that other employees are similarly situated so as to broaden the geographic scope. See id. at 7.

While earlier production of evidence relating to similarly situated merchandisers from the Monroe facility would have been more preferable, this Court finds that Plaintiffs have, via Collins' affidavit, now met their burden of presenting substantial allegations and competent evidence that putative plaintiffs from the Monroe facility are similarly situated to the named plaintiffs. In light of such evidence, if this Court were to limit the geographic scope of Plaintiffs' collective action to Defendant's Shreveport facility, then Collins and other current and former merchandisers from the Monroe facility would be faced with filing a separate lawsuit in this district seeking the same relief under the FLSA. Such occurrence would not serve the interests of judicial economy. Further, the Court finds that there is little prejudice to Defendant, as it is free to challenge the similarly situated question after discovery is largely complete. Accordingly, the ruling of the Magistrate Judge will be modified to amend the geographic scope of Plaintiffs' collective action.

Therefore,

**IT IS ORDERED** that the Motion to Certify a Collective Action (Record Document 27) be and is hereby **GRANTED** by conditionally certifying a collective action consisting of all current and former employees of Defendant who worked as merchandisers at Defendant's Shreveport, Louisiana facility or Monroe, Louisiana facility within three years prior to the date of this order and who (1) worked, at any time therein, more than 40 hours per week; and/or (2) worked more hours than what was shown on pay stubs; and/or (3) did not take meal periods that were deducted from pay.

**IT IS FURTHER ORDERED** that the form of notice recommended by the Magistrate Judge be revised to reflect inclusion of not only Defendant's Shreveport facility, but also

the Monroe facility.[1] The amended form of notice be and is hereby adopted for use in this case.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 15th day of December, 2006.

```
                                    _____
                                         S. MAURICE HICKS, JR.
                                    UNITED STATES DISTRICT JUDGE
```

---

[1] The Court has been advised that Plaintiffs' counsel received a wordperfect version of the form of notice prepared by the Magistrate Judge. Plaintiffs' counsel shall revise such notice to include the Monroe facility in each and every place the notice references the Shreveport facility.